## Case No. 14,315a.

### TYSON v. BELMONT.

[16 Betts, D. C. MS. 12.]

District Court, S. D. New York.   Feb. 23, 1849.

#### AMENDMENT OF PLEADINGS.

[It is proper to allow plaintiffs, on motion, to amend by changing the form of action from debt to covenant, and by striking out the name of one of the plaintiffs.]

BETTS, District Judge. This case comes before the court on double motions; on the part of the defendant to set aside the proceedings for irregularity, and on the part of the plaintiffs to amend the form of action stated in the writ, and to strike out the name of one of the plaintiffs from the pleadings. It is only necessary to notice the points raised on the latter motion.

First, it is objected that the court has no power to vary the nature of the action and the form of pleadings after issue joined between the parties; and, secondly, that the plaintiffs have been guilty of laches which exclude them from all appeal to the equity of the court. The act of congress of September 24, 1789 (1 Stat. 91, § 32), extends to United States courts the powers of amendment over process beyond that exercised under the English act of jeofails, or that of New York of similar effect. Smith v. Jackson [Case No. 13,065]. The judicial discretion of courts in respect to amendments is most ample, and in no way regulated by the consideration that they go to matters of form or substance, or the particular stage of the cause. Woodward v. Brown, 13 Pet. [38 U. S.] 1; Randolph v. Barrett, 16 Pet. [41 U. S.] 138; The Harmony [Case No. 6,081]; Calloway v. Dobson [Id. 2,325]. The stated rules of this court and the circuit court are framed upon this enlarged acceptation of their powers, and are designed to give suitors the advantage of amendments without any special appeal to the court in term. Dist. Ct. Rules 186, 241; Cir. Ct. Rules 40, 102. This being, however, an application in term time, the court can exercise inherently the powers given by statute or appertaining to its functions, without any specific direction by the rules.

The amendments sought for do not touch the merits in controversy, and no way prejudice the defence on those merits. It is of no importance to the right in controversy

whether it be determined in an action of debt or covenant, or whether the suit be continued in the name of one or both plaintiffs. The plaintiff seeks a favor in ratification of his own errors, and it will be accorded him on the usual condition of paying the costs attending this motion. The plaintiff is accordingly allowed leave to amend his action by changing the form from debt to covenant, and to amend the declaration by striking out the name of Jans C. de Vries, as a plaintiff, on payment of the costs of this motion.

